333 P.2d 945

Jane Laraway MILLER, Plaintiff and Respondent,

v.

Orrin Towler MILLER, Defendant and Appellant.

No. 8862.

Supreme Court of Utah.

Jan. 5, 1959.

Orrin Towler Miller, pro se for appellant.

Regnal W. Garff, Jr., Salt Lake City, for respondent.

HARDING, District Judge.

Appellant appeals from an order of the trial court denying his motion to set aside or withdraw his consent to the adoption of his minor daughter.

The child was born February 7, 1955, after separation of the parents, who were divorced January 4, 1957. The divorce decree, among other provisions, awarded custody of the daughter to the mother and required the appellant to pay the sum of $60 per month for the support of the child and impressed a lien on his funds in the sum of approximately $5,067 in the Prudential Federal Savings & Loan Association to secure payment of the support money. The mother remarried July 26, 1957. The appellant later petitioned for a modification of the divorce decree to elminate alimony, reduce the amount of support for the minor child, and release the lien on his funds. At the hearing for the modification on February 10, 1958, the court was informed by the attorneys for the parties that an accord had been reached and that the child was to be adopted by the natural mother and her present husband. It was thereupon stipulated that the lien on appellant's funds in the Prudential Federal Savings & Loan Association should be released and that the mother should, within five days, pay the sum of $160 to appellant for attorney's fees. Appellant was interrogated by the trial judge concerning his understanding of the arrangement and his willingness to sign a consent to adoption of his child. Appellant acknowledged that he understood the entire arrangement and that he desired to consent to the adoption. Under oath, appellant affirmed his desire to have the adoption granted, stated that he was acting freely, and signed the consent to adoption in the presence of his counsel and the judge, as prescribed by statute.[1] The same day a duly verified petition for adoption was filed by the natural mother and her husband seeking the adoption of the minor child. This appeared to be a "package deal" in which all the issues between the parties resulting from their marriage would be settled forever, "a consummation devoutly to be wished." Nine days later the $160 had not been paid, nor had the order releasing the lien on appel-

---

1. Sec. 78–30–8, U.C.A.1953, as amended by Chapter 56, Session Laws 1953.

292

lant's funds been signed, and he filed a notice in the divorce action stating these facts and petitioned the court to set aside his consent for adoption. Hearing on the matter was had on February 24, 1958, and on March 3, 1958, the court made and entered its order denying the motion of appellant to set aside the consent to adoption, the trial court having determined that the best interest and welfare of the child would be subserved by the enforcement of the agreement and the completion of the adoption. In the meantime the $160 had been paid to appellant and the lien released on his funds. Appellant has not offered to return the $160, nor to have the lien re-imposed on the released funds.

This court has held in In re Adoption of D——, 122 Utah 525, 252 P.2d 223, 224: "The parents' consent to adoption, once voluntarily given, and acted upon by adopting parents, cannot be withdrawn without good cause."

It is evident that the consent to adoption was acted upon by the adopting parents by their filing the petition for adoption, stipulating for a release of lien on appellant's funds, and agreeing to pay the $160 for his attorney. While performance of the release and payment were delayed, such performance has been made and accepted. The appellant has not claimed any prejudice or damage as a result of the delay and such cannot therefore be good cause for withdrawing his consent to adoption.

Fraud, duress, undue influence, mistake and want of understanding might present a situation where the consent should be withdrawn, but none of these reasons are indicated in this case.

█ In all adoptions the welfare of the child is the paramount consideration. "One of the basic tenets of our system of law and justice is that it attempts to accord to all individuals protection in their persons and property, and this is true, a fortiori, of children."[2]

█ Appellant has not shown how or in what manner the welfare of the child will be advanced if the proposed adoption from his brief and argument that he has is denied. On the contrary, it appears strong feelings of animosity toward the mother, who, from all that now appears, will continue to be the one primarily responsible for the care and nurture of the child. The parents and the court would be derelict in their duty to the child to knowingly and unnecessarily subject her to the pernicious effects of bitterness and hostility between those whose love for her should be made manifest in unselfish desire for her happiness and welfare.

Good cause for setting aside or withdrawing the consent to adoption not having

2. In re State in Interest of K—— B——, 7 Utah 2d 398, 326 P.2d 395, 396.

been shown, the order of the District Court is affirmed, with costs to respondent.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

HENRIOD, J., having disqualified himself, did not participate herein.